**"In the United States District Court for the Eastern District of Virginia (Norfolk Division)."**

Merle T. Rutledge Jr, pro se Plaintiff

Vs.

Virginia Attorney General Ken Cuccinelli, sued in his individual compacity

900 East Main Street
Richmond, VA 23219

and

Commonwealth of Virginia

**900 East Main Street**
**Richmond, VA 23219**

**and**

**Norfolk State University, sued it its individual and official compacity**

**700 Park Ave**
**Norfolk, Va  23504**

**And**

**NORFOLK STATE UNIVERSITY :**
**SERVE: TONY ATWATER, President of Norfolk State University :**
**700 PARK AVE, Suite 460                     :**
**NORFOLK, Virginia 23504 :**
**:**
**AND**

**THE FOLLOWING OFFICERS, AGENTS OR :**
**EMPLOYEES OF NORFOLK STATE UNIVERSITY:**

**Norfolk State University Kim Luckes. Kbeing sued as "high-ranking government**
**official" in both (individual/official) their capacities as top-level administrators of**
**a public university funded by the Commonwealth of Virginia**

700 Park Ave

Norfolk, Va  23504

AND

Norfolk State University Vice President Dr. Mildred Fuller, being sued as a "high-ranking government officials" in their capacities as top-level administrators of a public university funded by the Commonwealth of Virginia

700 Park Ave

Norfolk, Va  23504

Norfolk State University Police Department

AND

Kim Luckes Acting President :
700 Park Ave:
Norfolk, Virginia 23504 :
:
and :

Tony Atwater President :
700 Park Ave:
Norfolk, Virginia 23504 :
:
and :

:
REGINA WILLIAMS, Norfolk State University:
Senior Vice President of Business and Finance: sued in both individual and official compacity
700 Park Ave
Norfolk, Va 23504 :
SERVE: Secretary of the Commonwealth :
Patrick Henry Building, 4th Floor : 1111 East Broad Street : Richmond, Virginia 23219 :
(City of Richmond) :
:
and :
:
: :

Anthony H. Walker, Norfolk State University Police Chief: sued both in his individual and official compacity, as a supervisor police officer, and in his compacity as a state agent with the Commonwealth of Virginia.
700 Park Ave
Norfolk, Va  23504

and :
:
Pamela F. Boston, General Counsel :
700 Park Ave:
Norfolk, Virginia 23504 :
:
and

Police Officer Stevens, sued in his individually and official capacity as a Police Officer with Norfolk State University Police Department and Commonwealth of Virginia
700 Park Ave  Unit 5602
Norfolk, Va  23504

and

Police Officer Lewis, sued in his individuallyand official capacity as a Police Officer with Norfolk State University Police Department and Commonwealth of Virginia
700 Park Ave  Unit 5602
Norfolk, Va  23504
and

Tamaria Rhodes, sued in the individually and official capacity as a employee with Norfolk State University and Commonwealth of Virginia
700 Park Ave  Unit 5602
Norfolk, Va  23504

and

**Autumn Jones, sued in the individually and official capacity as a employee with Norfolk State University, NSU Housing and Residential Life, and Commonwealth of Virginia**

**700 Park Ave  Unit 5602**
**Norfolk, Va  23504**


**and**

**Faith Fitzgerald, sued in the individually and official capacity as a employee with Norfolk State University, NSU Housing and Residential Life, and Commonwealth of Virginia**

**700 Park Ave  Unit 5602**
**Norfolk, Va  23504**


And

**Samuel Ray, in his individual and official compacity as a employee of Norfolk State University, NSU Housing and Residential Life and the Commonwealth of Virginia**
**700 Park Ave  Unit 5602**
**Norfolk, Va  23504**


**Ms. Okafe, in his individual and official compacity as a employee of Norfolk State University, NSU Housing and Residential Life and the Commonwealth of Virginia**
**700 Park Ave  Unit 5602**
**Norfolk, Va  23504**

### Complaint

1)   On April 2, 2011 at 7:15 p.m.  The location was Merle T. Rutledge dorm room which is located at room 318 at Scott Hall Dormitory on the Norfolk State University campus.  Merle T. Rutledge is a resident and was the lone occupant living in room 318 at Scott Hall Dormitory at Norfolk State University.  There is no mention in (Exhibit A page 1 -2 Mr. Ray NSU incident report of April 2, 2011, of a knock, announce, or break in.  Their was no exigency circumstances.  There is no mention of anything Fouth Amendment except from all defendants et al Police Officers Stevens,  Lewis, and NSU personnel Mr.  Ray or Ms. O'kafe.  It is highly disputed that their was smoke by any form present and Rutledge denies the same.  This was manufactured and created circumstance at its best by defendants et. Al.



2) Mr. Samuel Ray stated that he smelled smoke coming from the 3rd floor of Scott Hall Dormitory, but did not note which dorm room in which the smoke was coming from. Mr. Ray than called the Norfolk State University Police Department to inform them that smoke was coming from the 3rd floor of Scott Hall Dormitory. Two police officers , Norfolk State Police Officer Stevens, and Norfolk State University Police Officer Lewis arrived at the dorm to answer the complaint.

3) Police Officer Stevens and Officer Lewis waited in the lobby as Merle Rutledge stood outside talking to other dormmates. Merle Rutledge would enter the dorm and waive at the police officers in a friendly jesture of hello. Mr. Ray was sitting behind the front desk at Scott Hall Dormitory. At no time did, Mr. Ray tell Mr. Rutledge that the officers was there to search his dorm room, even though Mr. Ray had constructive and prior knowledge of the identity of Merle Rutledge, and the room in which he stayed in.

4) Mr. Ray and the Police Officers Stevens and Lewis knew before the illegal search and seizure that the occupant of Room 318, Mr. Rutledge, was in the building, present, and consent could have been asked. Police Officer Stevens and Police Officer Lewis, Mr. Samuel Ray, and Officer Stevens went up to the 3rd floor of Scott Hall Dormitory to locate where the smoke was coming from. Mr. Ray mentions on the incident report that all four of them assumed the smoke was coming from room 318, even though Mr. Ray acknowledges that he only smelled smoke coming from the 3rd floor, but makes no mention of exactly where the smoke was coming from. Mr. Ray also noted that they "assume" the smoke was coming from room 318, and than all four meaning Law enforcement Officers Lewis and Officer Stevens, Mr. Ray, and Ms. Okafe illegally entered my dorm room.

5) All 4, which includes Mr. Ray, Ms. O'kafe, Officer Lewis, and Stevens, noted that Merle Rutledge Jr was not even in the room 318 in which all parties mention, meaning Mr. Ray, Ms. Okafe, and Law enforcement Officers Lewis and Stevens had searched. While in the room, they seized a soda can from their notes in the incident report, and a key was mysteriously missing after the search which was left in my dorm room on a desk. Mr. Ray would go on to state in the incident report, upon entering the room, they smelled more smoke, and found a can with ashes on top. As a result, Merle Rutledge was harmed and fined for smoking in prohibited areas in the dorm, with the assistance of Norfolk State University Police Department Police Officers. Merle Rutledge, can not admit or deny that a pepsi can with ashes was on it, and therefore denies the same.

5) A little after midnight on April 3, 2011, Merle Rutledge would return to the dorm room. He would than go pass Mr. Ray, and than Mr. Ray would stop him shortly before getting on the elevator. Mr. Ray told Merle Rutledge that he had a fine, and if he was going upstairs than he needed to come back and signed the paperwork for the fine. Mr. Ray went on to state to Mr. Rutledge, "You know why the police was here earlier." Merle Rutledge stated back to Mr. Ray, "No, but I did see them in the lobby as I was coming back into the dormitory to use the computer lab." Mr. Ray than went on to state that I can't tell whether it was marijuana or tobacco coming from your room, so I called them over, and we went up to your room and searched it. Upon entering the room, we discovered a can with ashes on it, and therefore we are fining you for smoking in the room." Merle Rutledge responded back, " I had not been smoking in the room, and therefore what you and the police officers are doing is illegal. I was not present, and nor did I waive my 4th Amendment Constitutional right to allow law enforcement officers to



5) All 4, which includes Mr. Ray, Ms. O'kafe, Officer Lewis, and Stevens, noted that Merle Rutledge Jr was not even in the room 318 in which all parties mention, meaning Mr. Ray, Ms. Okafe, and Law enforcement Officers Lewis and Stevens had searched. While in the room, they seized a soda can from their notes in the incident report, and a key was mysteriously missing after the search which was left in my dorm room on a desk. Mr. Ray would go on to state in the incident report, upon entering the room, they smelled more smoke, and found a can with ashes on top. As a result, Merle Rutledge was harmed and fined for smoking in prohibited areas in the dorm, with the assistance of Norfolk State University Police Department Police Officers. Merle Rutledge, can not admit or deny that a pepsi can with ashes was on it, and therefore denies the same.

5) A little after midnight on April 3, 2011, Merle Rutledge would return to the dorm room. He would than go pass Mr. Ray, and than Mr. Ray would stop him shortly before getting on the elevator. Mr. Ray told Merle Rutledge that he had a fine, and if he was going upstairs than he needed to come back and signed the paperwork for the fine. Mr. Ray went on to state to Mr. Rutledge, "You know why the police was here earlier." Merle Rutledge stated back to Mr. Ray, "No, but I did see them in the lobby as I was coming back into the dormitory to use the computer lab." Mr. Ray than went on to state that I can't tell whether it was marijuana or tobacco coming from your room, so I called them over, and we went up to your room and searched it. Upon entering the room, we discovered a can with ashes on it, and therefore we are fining you for smoking in the room." Merle Rutledge responded back, " I had not been smoking in the room, and therefore what you and the police officers are doing is illegal. I was not present, and nor did I waive my 4th Amendment Constitutional right to allow law enforcement officers to enter my room. " Mr. Ray responded back, "that the University and it's agents, which include Norfolk State University Police Department can enter my room at anytime, and that I had waived that right when I signed the Norfolk State University Housing Contract, and we also found a pepsi can with ashes on it." Merle Rutledge responded back to Mr. Ray and stated, "The University is a public university, and their was nothing illegal going on in my room, and the Norfolk State University police department had no right to enter my room without a warrant from a judge or magistrate, unless they had probable cause. Their was no probable cause that existed in order to enter my room, and I stated to Mr. Ray that you are making up reasons in order to justify a illegal search and seizure." After signing the form of being served with a fine.

6) Merle Rutledge immediately walked out the dorm and contacted campus security to ask them for the phone number to the Norfolk State University Police Department. They promptly gave me the phone number and I contacted a woman Police Officer over the phone and told her what had happen, and expressed my concerns with a invite to return back to the dorm to tell me what had happen. The Norfolk State University Police Department and its Officer's was acting under "color of the law" and in violation of U.S.C 42 1983 (2006). Officer Lewis and Stevens was on duty as mention in this complaint and in uniform when this illegal search and seizure took place at Merle Rutledge 318 Scott Hall Dormitory Room at Norfolk State University at 7:15p.m April 2, 2011. The woman police officer that I spoke with over the phone, admitted to taking part in the search and seizure of my room, and stated that smoke was eminating from the room, and it gave her cause to enter the room and search it. She than verifies, Mr. Ray story, that they enter the room because they believe the smoke was coming from

my room, and found a can with ashes on top, and from a "totality of the circumstances," that I was smoking in the room. Merle Rutledge responded to the Officer that he was on the phone with, that how could I be currently or presently smoking in the room, that I was not physically in, and also told her if a can was found with ashes on top to verify your story, that the Norfolk State University Policy specifically approves of having a ash tray or container for ashes as the preferred and campus enforce policy on smoking, but I reiterated that they had no probable cause to enter my room, and they illegally entered my dorm room and did a search and seizure without any probable cause or having any credible information to base off probable cause. (Exhibit B, Norfolk State University Smoking Policy) Merle Rutledge demanded that he see the evidence of any can." The Norfolk State University Police officer refused to comply or give any information on how I could go about obtaining my property, than said "you have been fined and goodbye." The phone hangs up. On April 4, 2011,

7) Merle Rutledge went to the Norfolk State University Residential Life and Housing Director to follow up on the fine, and file a appeal. Autumn Jones, NSU Housing and Residential Life Coordinator, that handles appeals walks out and sits down on a couch next to me, and asks for my side of what happen at my dorm on April 2, 2011; in which I was fined for smoking in prohibited areas. I explain to her what happen, as mentioned in this complaint, and that Norfolk Police Department Officers are not agents of the University, but arms of the state and are sworn to uphold the constitutional rights of all people including Merle Rutledge, and students at Norfolk State University. She said I was wrong and that in the Norfolk State University Housing contract it states that the University and it's agents can enter my dorm room at anytime, which includes the Norfolk State University Police Department and its officers. Merle Rutledge than responded back to her and stated, "you are wrong, and here is the paperwork of my appeal, complaint, and court cases to back up my opinion. "

8) The NSU Housing and Residential Director opinion would be backed up by I am asserting in this lawsuit for claims against the Norfolk State University police department, and it's officers for knowingly violating my Fourth and Fourteenth Amendment rights against unreasonable search and seizure of Merle Rutledge dorm room, as well as his property. Tamaria Rhodes, Autumn Jones, and Faith Fitzgerald all followed up and verified that University and it's agents, which included Norfolk State University Police Department Officers as their response to Merle Rutledge allegations in his filed complaint and appeal letter. Ms. Autumn Jones, went on to state that Mr. Ray incident report alone did not lead to fine, but statements made by N.S.U Police Officer's that I was smoking in the room, further confirmed the fine. Norfolk State University use defamatory statements known to be untrue to paint me in a false light in order to maintain a fine, and cover up their illegal actions.

9) Regina Williams, is the Vice President of Finance and Business and was responsible for making sure Norfolk State University, its agents, and the Norfolk State University Police Department was competent of the Smoking Policy and that its policy supersedes any and all policies (Exhibit B, NSU Smoking Policy). Her failure to train and supervise employees from Norfolk State University, its agents, and Norfolk State University Police Department lead to unnecessary fines of Merle Rutledge, emotional stress, and pain and suffering. Her actions under the policy

makes her liable for Merle Rutledge complaints mention in this lawsuit. Ms. Williams policies, job title as a supervisor and agent of Norfolk State University, has lead to nothing more than entrapment and abuse of power within her office and being followed out through irresponsible agents such as Norfolk State University Housing and Residential Life, its agents, which are all members of Norfolk State University and employed by Norfolk State University. She has yet to show that she has supervise, trained, and discipline her employees for blatantly disrespecting and circumventing her, and her policies.

On April 7, 2011 (Exhibit H), Dawnita Smith would send back a very defiant e-mail after receiving my appeals letter stating "Page 24 of your housing handbook outlines the university's right to entry and inspection. To prevent an incident like this from happening in the future, please do not bring any cigarette butts or cans that contain ashes back into the residence halls after you have finished smoking." Also Dawnita Smith goes on to state, "Please note that I have decided to approve your appeal for Smoking in Prohibited Areas. Your letter contained several examples and statements regarding amendments and codes and I would like you to familiarize yourself with your Housing Contract, Community Living Agreement, Housing Handbook, Spartan Student Code of Ethics and Judicial Student Handbook in the same manner." I used the very codes from the state as well as from the Norfolk State University official policy to prove my assertions that Norfolk State University was wrong and clearly violated my constitutional rights based off flimsy evidence and a lack of supervision and training by Norfolk State University, its agents, and the

10) Norfolk State University Police Department, and clearly shows Ms. Smith, a supervisor of Housing and Residential Life that handles appeals feel that conduct by her agents and the Norfolk State University Police Department will continue. I have attached her e-mail response as evidence in (Exhibit H) as proof. Dawnita Smith, Faith Fitzgerald and Tamara Rhodes acting after having "clearly established knowledge" that a constitutional violations had occurred as well as violations by her own staff of Norfolk State University Smoking Policy which is (Exhibit H, is the full conversation between Merle Rutledge and Norfolk State University, its agents, NSU Housing and Residential Life supervisors, coordinators, and its agents, ), under the same set of facts than the problems will continue and Merle Rutledge could be subjected to continued constitutional rights violations against his Fourth and Fourteenth Amendment Rights. The smoking fine is considered a punitive fine. Also she goes on to state, "To prevent an incident like this from happening in the future, please do not bring any cigarette butts or cans that contain ashes back into the residence halls after you have finished smoking." She has no proof Merle Rutledge Jr was smoking in the first place, in the location, and at the time of this incident, and Merle Rutledge denies any assertion of such conduct.

11) Also, Ms. Smith is completely aware of my request to terminate my lease at the dorm for the constitutional violations by Defendants et al. and follows up with this response, In regard to your appeal for the lost key, this is not a punitive fine, but the actual cost that is incurred to make another copy of the key for your room. Please look for that $20 charge to be placed on your account next week. Your request to be compensated with room and board will not be honored as you have occupied the space for the semester. If you have any additional questions or concerns, feel free to contact me via email, phone, or you may visit our office." This is gross negligence at its best with a clear utter disregard, and a

complete I do not care attitude, even though her office was without a shadow of a doubt wrong, and was acting off the illegal acts of Norfolk State University Police Officers. She stated to Merle Rutledge on April 4, 2011, that the Norfolk State University Housing Contracts (Exhibit C, pg 5 parag. 7.) allows the Police to enter my room at anytime as a reason  and is consider a custom and policy of Norfolk State University, and Norfolk State University Police Officers, and Defendants et. Al. I requested a immediate appeal and hearing right after receiving the email. I did not receive a denial or any notice until April 20, 2011 by Tamara Rhodes, only to announce that the fine is on my account and their would be no recourse. Once again I responded with another request for administrative hearing. Once again this request went ignored.

12)  On May 4, 2011, after previously meeting with Ms. Lowe on April 19, 2011 to explain my greviance with the events that happen on April 2, 2011. Ms. Lowe found something wrong, and still no explanation has been given on the reason to remove all of my fines.  She was aware of my complaint and stated that she could not comment. Clearly also Merle Rutledge Jr will assert a claim for breach of contract and asks the court to determine any and all damages that can be decided in favor of Merle Rutledge.   I again asked for a administrative hearing, and she said she was very unsure if that could even happen.  NSU is the abbreviation for Norfolk State University in this complaint.   Ms. Lowe is the Vice President of Student Affairs for Norfolk State University, and I had met with her assistant VP of Student Affairs for Norfolk State University previously Ms Fulgham in regards to the April 2, 2011 incident (Exhibit H, Lowe Response)

Lowe, Sharon B. [sblowe@nsu.edu]
Actions


Wednesday, May 04, 2011 7:12 PM
To:
 Rutledge, Merle T.
Cc:
 Fitzgerald, Faith [fmfitzgerald@nsu.edu]; Smith, Dawnita R. [drsmith@nsu.edu]; Boston, Pamela F. [pfboston@nsu.edu]; Fulgham, Doris M. [dmfulgham@nsu.edu]
You forwarded this message on 5/9/2011 9:42 PM.
Dear Mr. Rutledge:

This is in response to your appeal as a result of the sanction imposed upon you by Residence Life and Housing due to a lost key.

After much consideration of your request, I have decided to rescind the $20.00 lost key fine. Please note that Mrs. Sandra Riggs, Bursar has been notified of my decision (see below) and the fine will be removed from your account.

I wish you the best in your future endeavors.  If I can be of further assistance, please do not hesitate to contact me.

Best Regards,

Sharon B. Lowe

Sharon B. Lowe| Vice President for Student Affairs| Norfolk State University
700 Park Avenue, Norfolk, VA 23504
Phone: (757) 823-8141| Fax: (757) 823-2129

13) Ms. Lowe email response was polite and courteous, but left questions on why the fines was being removed and was such conduct going to be discontinued and new training on NSU Policy with all defendants et al. was going to be implemented? I was put through enough inconvenience of trying to bring the truth to Norfolk State University and to be given due process. I have yet to receive a letter of apology from Norfolk State University, its agents, and Norfolk State University Police Department, from those who participated in direct concert with each other in order to deprive me of property and my Fourth and 14th Amendment rights.

14) The court in Ohio v. Ellis, 2006 Ohio 1588 (Ct. App. Ohio 2nd Dist. 2006). Ii Limpuangthip v. U.S. 2007 D.C. App. LEXIS 578 (D.C. Cir. 2007). found that the resident assistants were not acting as agents of law enforcement when they conducted their initial search and finished their search in the presence of law enforcement officers. The court found a problem however with the fact that the officers entered the dorm room without a warrant and took possession or seized the evidence from within the dorm room where the resident assistants had placed the items. The court in previous cases have already indicated that the police should not have entered the room and seized the items without a warrant. In (Exhibit A, Incident Report) Mr. Ray admits himself as well as another residential assistant with both police officers entered the room without probable cause or reasonable suspicion.

15) On April 18, 2011, Dr. Curtis Greaves, whom is the Director of NSU's Counseling Center. Dr. Greaves was informed by the Office of the V.P. for Student Affairs that Merle Rutledge have expressed some frustration in his dealings with the Office of Residential Life and Housing. So on April 21th at 3:00pm, 28th on 4:00pm, and May 4, 2011, agreed to meet for counseling and treatment from Dr. Greaves to go over the incidents and the impact that it had on Merle Rutledge Jr while attending Norfolk State University. This goes towards Merle Rutledge, personal injury, mental anguish, and pain and suffering claims against Norfolk State University and seeks $80,000, as a result of Norfolk State University, its agents, Norfolk State University Police negligence and is liable for the reasons set forth in this complaint to allow for relief for those complaints.

16) Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a

judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia. Any reasonable competent officer, such as the Norfolk State University Police Department, knew that entering the room without probable cause was a illegal search and seizure, and therefore I seek declaratory and injunctive relief against all defendants et al. Norfolk State University Police Department and it's officers, which include the Chief of Police Anthony Walker has maintained their "Code of Silence" even after a complaint was filed on April 4, 2011, and again a incident report on April 6, 2011, with all reports being followed up with a request to meet with the Chief of Police. Their silence is tantamount to a denial of the request, and nothing has been done by any party of the Norfolk State University Police Department to follow up on the matter or train, supervise, or discipline their officers which include Officer Stevens and Lewis for violations of Merle Rutledge Jr constitutional rights. Their silence, fabrication of evidence, destruction of evidence, and even the destruction of Merle Rutledge filed complaint and incident report which Norfolk State University General Counsel, under a Merle Rutledge Freedom of Information Act request, has not been able to be retrieve and questions of its non existence at this time is considered well settled and permanent at this time.

## Jurisdiction and Venue

1. Jurisdiction of this court arises under 28 U.S.C. secs 1331, 1337, 1343(a), and 1367(a); 42 U.S.C. secs. 1983, 1985, 1986, and 1988; and 18 U.S.C. 1961-1968.

2. Jurisdiction of this court for the pendent claims is authorized by F.R.Civ.P. 18(a), and arises under the doctrine of pendent jurisdiction as set forth in United Mine Workers v. Gibbs, 383 U.S. 715 (1966).

3. Venue properly lies in this Court pursuant to 28 U.S.C. §1391(b)(2) because the events that form the basis for this Complaint primarily occurred in this district.

4. Plaintiffs also invoke the supplemental jurisdiction of this Court to consider claims arising under Virginia law, as more fully set forth below.

This Court has pendant jurisdiction pursuant to 28 U.S.C. section 1367 to hear and decide state claims. The state and federal claims derive from a common nucleus of operative facts.

## COUNT 1

VIOLATIONS OF 42 U.S.C. 1983 and 1986 REFUSING or NEGLECTING TO PREVENT WITH RESPECT TO DEFENDANTS ET. AL

Plaintiff repeats and realleges and incorporates by reference the allegations in paragraphs in this complaint above with the same force and effect as if herein set forth.

12

1. At all times relevant to this Complaint, Defendants et al, were acting under the direction and control of Defendants Norfolk State University Police Chief Anthony Walker, and Norfolk State University, and its agents listed in this complaint.

2. Acting under color of law and/or in a conspiracy with defendant Norfolk State University Police Officers Stevens and Lewis, and pursuant to official policy or custom which they believed University and its agents had the authority to enter into dormitory rrooms on the campus of Norfolk State University at anytime, Norfolk State University Police Chief and the Police Officers Stevens and Lewis immediate supervisors which is John Doe 6, and will be later amended in future filings to correct this police officer name, knowingly, recklessly, or with gross negligence failed to instruct, supervise, control, and discipline on a continuing basis Defendants Officer Lewis and Stevens and Norfolk State University, and its agents, in their duties to refrain from:

   (a) unlawfully and maliciously defaming a citizen who was acting in accordance with his constitutional and statutory rights, privileges, and immunities,

   (b) unlawfully and maliciously acts of illegal search and seizure of Plaintiff dorm room, and helping secure fines with fabrication of statements and evidence that was known to be untrue and defamatory against Merle Rutledge, a citizen who was acting in accordance with his constitutional and statutory rights, privileges, and immunities,

   (c) conspiring to violate the rights, privileges, and immunities guaranteed to Plaintiff by the Constitution and laws of the United States and the laws of the Commonwealth of Virginia; and

   (d) otherwise depriving Plaintiff of his constitutional and statutory rights, privileges, and immunities. (Exhibit D is a citation and statement of Norfolk State University), and its agents e-mail that specifically denies me a privilege which is deliberately indifferent to privileges for other students guaranteed by Norfolk State University.

3. Defendants Norfolk State University Police Chief, University and its agents, Defendants et al, had knowledge or, had they diligently exercised that duties to instruct, supervise, control, and discipline on a continuing basis, should have had knowledge that the wrongs conspired to be done, as heretofore alleged, were about to be committed. Defendants Norfolk State University Police Chief, and Officers Stevens, and Lewis supervisor, had power to prevent or aid in preventing the commission of said wrongs, could have done so by reasonable diligence, and knowingly, recklessly, or with gross negligence failed or refused to do so.

4. Defendants Norfolk State University Police Chief, and Officers Stevens, and Lewis supervisor directly or indirectly approved or ratified the unlawful, deliberate, malicious, reckless, and wanton conduct of Defendant police officers heretofore described after the plaintiff reported the stalking and harassment to management who laughed in the Plaintiffs face.

5. The Plaintiff contacting the Norfolk State University Police Chief, and Officers Stevens, and Lewis supervisor office several times between April 2011 and May 2011 , via telephone, email, to report these civil rights violations, other violations that occured such as misconduct, and obstruction of justice. During this time the Plaintiff left messages for Norfolk State University Police Chief, and Officers Stevens, and Lewis supervisor, by phone and with other polices officers, and the Executive Secretary for the Norfolk State University Chief of Police about the misconduct, by written filed documentation, and verbal, and the daily reminders to Defendants et. al to secure names, badges numbers of the defendants, incident report, and also my claim of civil rights violations against the Plaintiff by the defendants et al, and Norfolk State University

Police Officer Stevens and Lewis on the complaint in the paragraphs above with allegations with the same for and effect as if herein set forth.

6. Between April 2011 and May 2011 the Plaintiff contacted both Virginia Attorney General Office, Norfolk State University President and the Officer of Student Affairs, Norfolk State Division of Risk Management, Virginia Division of Risk Management, and the President's office of Norfolk State University, their offices several times by email, via telephone, and written documentation of the complaint filed against NSU, its agents, and Norfolk State University Police Department to report these civil rights violations, other violations that occured in other states, agent misconduct, police misconduct and obstruction of justice across the board.  Sometimes the Plaintiff spoke to both Police Officer and Executive Secretary and other times he left several messages on their voicemails.  Merle Rutledge Jr has also filed Notice of Claim with all parties including Virginia Attorney General Office and Virginia Division of Risk Management which is are requirement under the Virginia Tort Claims Act.  Both offices received notice on April 25, 2011, and Norfolk State University received notice on April 11, 2011.  The Plaintiff requested case work- investigation and a letter of inquiry from defendants et al. These civil rights violations, ignoring requests, fines for administrative hearing, are still continuing against the Plaintiff after notice to them several times. These defendants are liable under the following federal statutes.

7. As a direct and proximate cause of the negligent and intentional acts of defendants as set forth in this complaint, Plaintiff suffered severe mental anguish, pain and suffering, loss of property, deprivation of property, gross negligence, and fines in connection with the deprivation of his constitutional and statutory rights guaranteed by the Fourth, Fifth, Eighth and Fourteenth Amendments of the Constitution of the United States and protected by 42 U.S.C. sec. 1983 and 1985.

WHEREFORE, Plaintiff demands judgment against all the Defendants jointly and severally, for actual, general, special, compensatory damages in the amount of $80,000 and further demands judgment against each of said Defendants, jointly and severally, for punitive damages in the amount of $100,000, plus the costs of this action, including attorney's fees, and such other relief deemed to be just and equitable.

COUNT 2

VIOLATION 42 U.S.C. SECTION 1983 and VIOLATION OF 18 USC sections 241 and 242: CONSPIRACY AGAINST RIGHTS WITH RESPECT TO DEFENDANTS ET. AL

Plaintiff repeats and realleges and incorporates by reference the allegations in paragraphs in this complaint above with the same force and effect as if herein set forth.

1. Plaintiffs charge further that the violations and injuries complained of herein were brought about by conspiracy among some or all of the defendants and others, whereby there was a Meeting of the Minds among them regarding their desire to expose, disrupt, misdirect, discredit or otherwise neutralize' and otherwise suppress, punish and chill the protected activities of the

plaintiff and plaintiff cites (Exhibit A, Exhibit H) incident report and e-mails filed by Mr. Ray, and Exhibit B Norfolk State University Smoking Policy).

Conspiracy against the plaintiffs rights in violation of 18 U.S.C. section 241 and 242

Thus it was the object of the conspiracy:

(a)  to endeavor to cause Merle Rutledge to be seen and branded in the public mind as likely to involve lawless conflict and violations of university policy, so that its meaning and premise would be to discouraged Plaintiffs civil rights claims;

(b)  to nurture the atmosphere of conflict and division in the communities of Norfolk State University and among the people there including other defendants et. al, so as to impede the organizing work of plaintiff directed at the corrupt and police coverups in the Commonwealth of Virginia and on Norfolk State University campus and their responsibility for the continuation of violations of the Constitution and the laws of the United States of American; and policies of Norfolk State University,

(c)  to falsely portray the plaintiff, and cause him to be portrayed,  by defendants et. al of the conspiracy would include:

(a)  Participation in fabricating the basis for the unlawful search and seizure of the plaintiff, and making defamatory statements about him, fabricating fines for smoking and searching his dorm and seizing property without probable cause and,

(b)  Other communications and joint actions by defendants et al. and neutralization against the plaintiff, Merle Rutledge

(d) Police Officers Lewis an Stevens communicated with Norfolk State University, its agents, and employees that include the NSU Residential Life and Housing false information that was known to be untrue and without merit to enforce any fine on the campus at Norfolk State University.  Their ongoing attempts to justify their illegal actions shows a complete utter disregard for the welfare of Merle Rutledge constitutional rights as well as a steady attempt to continue to put plaintiff in a false light.

2. As a result of their concerted unlawful and malicious conspiracy of Defendants et al, Plaintiff was

deprived of both his liberty, property, and privileges without due process of law and his right to equal

protection of the laws, and the due course of justice was impeded, in violation of the Fifth, Fourth and

Fourteenth Amendments of the Constitution of the United States and 42 U.S.C. sec. 1983 and 1985.

WHEREFORE, Plaintiff demands judgment for the conspiracy against all the Defendants jointly and severally, for actual, general, special, compensatory damages in the amount of $80,000 and further demands judgment against each of said Defendants, jointly and severally, for punitive damages in the amount of $100,000, plus the costs of this action, including attorney's fees, and such other relief deemed to be just and equitable.

## COUNT 3 with respect to Defendants et al.

## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS, BREACH OF CONTRACT WITH RESPECT TO DEFENDANTS ET. AL.

Plaintiff repeats and realleges and incorporates by reference the allegations in paragraphs in this complaint above with the same force and effect as if herein set forth.

1. Defendants et al., Norfolk State University Police Chief, Officer Lewis, Officer Stevens, Norfolk State University, and its agents, owed a duty to supervise or train the officers and to take steps to prevent events such as occurred here, to wit, the unlawful search and seizure, and the swearing to charges that lead to fines without probable cause.

2. Defendants et al. owed a duty to act according to the standard of ordinary care of a residential assistants, police officers to wit, to conduct a proper investigation, the failure of which was the proximate cause of Plaintiffs injuries.

3. Defendants had a continuing affirmative duty to perform their professional services in such a manner as not to inflict emotional distress on the Plaintiff

4. Defendants breached that duty by failing to act as an ordinary casino operators would act, to wit, by failing to perform their duties and by failing adequately to control and to supervise his police officers and residential assistants.

5. As a result of those breaches, which were the proximate causes of Plaintiff's injuries, The Plaintiff suffered harm and damages.

6. Defendants are also liable under the doctrine of respondeat superior.

WHEREFORE, Plaintiff demands judgment against these Defendants for injunctive relief and actual, special, and compensatory damages in an amount deemed at time of trial to be just, fair, and appropriate.

7. Norfolk State University breached Merle T. Rutledge Jr Housing Contract(Exhibit C, NSU Housing Contract). NSU policy is University and its agents, can enter the room at anytime, but makes no mention of Norfolk State University Police Department can enter the room. As a result, of Norfolk State University entering Merle Rutledge room, breached its contract with Merle Rutledge, and the plaintiff seeks any and all damages as a result of the breach.

8. Norfolk State University breached its own N.S.U Smoking Policy which all students and staff agree to follow. As a result of Norfolk State University, its agents actions lead to a fine that was not allowed by the implied contract between Norfolk State University and its agents, staff, or students. Merle Rutledge is a student at Norfolk State University.

WHEREFORE, Plaintiff demands judgment against these Defendants for injunctive relief and actual, special, and compensatory damages in an amount deemed at time of trial to be just, fair, and appropriate.

**COUNT 3**

VIOLATION 42 U.S.C. SECTION 1983: UNLAWFUL SEARCH and SEIZURE WITH RESPECT TO DEFENDANTS et al.

Plaintiff repeats and realleges and incorporates by reference the allegations in paragraphs in this complaint above with the same force and effect as if herein set forth.

1. Defendants' actions have violated Plaintiffs' Fourth Amendment by unlawful search and seizure because the Plaintiff should have never had his dorm searched or property removed from his dorm room. The concerted acts and omissions of the defendants agents and officers, and others involved, including supervisors, in jointly considering and deciding upon the arrest, carrying it out in a defamatory way constituted an unreasonable search and seizure, in violation of the Fourth Amendment, entitling plaintiff to judgment against the responsible defendants for damages, and punitive damages.

2. At all times relevant herein, the conduct of all Defendants were subject to 42 U.S.C. secs. 1983, 1985, 1986, and 1988.

3. Acting under the color of law and/or conspiring against the Plaintiff, Defendants et al. worked a denial of Plaintiffs rights, privileges or immunities secured by the United States Constitution or by Federal law or state law, to wit,

Soto v. Flores, 103 F.3d 1056, 1061 (1st Cir. 1997); McNamara v. Honeyman, 406 Mass. 43, 52 (1989).
(a) by depriving Plaintiff of his liberty without due process of law, by illegally search and seizing property,

County of Sacramento v. Lewis. 523 U.S. 833 (1998); Youngberg v. Romeo, 457 U.S. 307, 315 (1982); Williams v. Hartman, 413 Mass, 398, 403 (1992).

(b) by making an unreasonable search of his person and property without due process of law,

(c) by conspiring for the purpose of impeding and hindering the due course of justice, with intent to deny Plaintiff equal protection of laws,
(d) by refusing or neglecting to prevent such deprivations and denials to plaintiff, thereby depriving plaintiff of his rights, privileges, and immunities as guaranteed by the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States.

Miga v. Holyoke, 398 Mass. 343, 349, 350 (1986) (deprivation of pretrial detainee's substantive due process rights where state seeks to impose punishment without a constitutional adjudication of guilt). Bell v. Wolfish, 441 U.S. 520, 535 n. 16 (1979).

4. As a result of their concerted unlawful search and seizure by Defendants , and the Plaintiff was deprived of both his liberty, property, and privacy without due process of law and his right to equal protection of the laws, and the due course of justice was impeded, in violation of the Fourth, Fifth and Fourteenth Amendments of the Constitution of the United States and 42 U.S.C. sec. 1983.

WHEREFORE, Plaintiff demands judgment for the false arrest against all the Defendants jointly and severally, for actual, general, special, compensatory damages in the amount of $80,000 and further demands judgment against each of said Defendants, jointly and severally, for punitive damages in the amount of $100,000, plus the costs of this action, including filing fees, and such other relief deemed to be just and equitable.

"Punitive damages are recoverable in sec. 1983 suit where defendant's conduct is motivated by an evil motive or intent, or where it involves reckless or callous indifference to plaintiff's federally protected rights). Smith v. Wade, 461 U.S. 30, 50-51 ((1983); Clark v. Taylor, 710 F.2d 4, 14 (1st Cir. 1983). Miga, supra at 355

**COUNT FOUR WITH RESPECT TO ALL DEFENDANTS ET. AL**

## CLAIM FOR RELIEF: FOURTH AMENDMENT TO THE U.S. CONSTITUTION –

## UNCONSTITUTIONAL SEARCH AND SEIZURE.

1) The search and seizure of Plaintiff dorm and personal belongings by Defendant's agents constituted an unreasonable search and seizure under the Fourth Amendment to the United States Constitution. The search and seizure of Plaintiff dorm and personal belonging by Defendant's agents was conducted pursuant to a policy, practice, or custom that violates the Fourth Amendment to the United States Constitution.

WHEREFORE, Plaintiff demands judgment for the false arrest against all the Defendants jointly and severally, for actual, general, special, compensatory damages in the amount of $80,000 and further demands judgment against each of said Defendants, jointly and severally, for punitive damages in the amount of $100,000, plus the costs of this action, including filing fees, and such other relief deemed to be just and equitable.

"Punitive damages are recoverable in sec. 1983 suit where defendant's conduct is motivated by an evil motive or intent, or where it involves reckless or callous indifference to plaintiff's federally protected rights). Smith v. Wade, 461 U.S. 30, 50-51 ((1983); Clark v. Taylor, 710 F.2d 4, 14 (1st Cir. 1983). Miga, supra at 355

## COUNT FIVE FOR RELIEF: 5 U.S.C. §§ 702, 706 – UNLAWFUL EXERCISE OF

## AGENCY AUTHORITY WITH RESPECT TO DEFENDANTS ET. AL

2) The seach and seizure of Plaintiff by Defendant's agents exceeded Defendant's statutory authority. The seach and seizure of Plaintiff by Defendant's agents was conducted pursuant to a policy, practice, or custom that exceed Defendant's statutory authority and police powers.

3) Unlawful Seizure of Property – NSU Police Officers and NSU Housing and Residential Life Director and Employees seized and destroyed Merle Rutledge Jr property without any authorization from a warrant or any legal document in support.

4) Invasion of Privacy – In the Norfolk State University Housing contract it states University, and its agents, however it does not

state law enforcement officers can enter my room at anytime.

5) Claims of Civil Conspiracy against Defendants et al – Defendants et al, enter my room and gain illegal entry as well as illegal seizure of Merle Rutledge premises and property. They all acted in concert to make false statements known to be untrue in order to fine Merle Rutledge illegally and deprive him of property without due process. NSU police department officers Lewis and Stevens, did not make any report on the location being search and the property being seized. 5) The police officer whom I spoke with on the phone stated that they took my property/container and never returned it; nor stated anything that had happen to it. Also my room key was missing from the inside of the room, and ended up being found with the defendants et al that did the search. Ra'S are abbreviated by means Norfolk State University Residential Assistants which include Mr. Ray and Ms. Okafe. The RA's with significant police prescence and asserting authority illegally search and seized my room under color of the law. They conspired to tell their employers that I was smoking in the room, without sufficient proof or evidence. It is still to this day believed that I was smoking in the room by defendants et al, and its employees because of their false statements.

6)     Also, Autumn Smith stated the reason for the fine was because police officers that did the search with the 2 RA's stated that "I was smoking in the room"; without proof. This is giving third parties my information for the purpose of my likeness and advertising alleged non criminal behavior in a false light. At anytime the defendants et al. could have told the truth that he was not smoking in the room. Merle Rutledge was not present during the search, nor did Merle Rutledge return to his room while the search commence. Even though Merle Rutledge was still on Norfolk State University property. The RA's and Norfolk State University Police officers that did the search did not ask Merle Rutledge for any consent to enter the room, even though the Mr. Ray knew before the search started that Merle Rutledge was in the building, and had walked pass the police officers and waved at them in a expression of greeting. At no time did the RA at the front desk who called the police, let the police know that I was not only in the building but I was present inside the building enough to ask for my consent of entry. It was intentional that the search happen after it was known that I had left out of the building and was gone for a considerable period of time.

7) There is no record of a search warrant or even a attempt at the Norfolk State University Police Department to secure one. It was also another failure by police officers to alert their superiors, judges, or those responsible for any search and seizure of their intentions. The officer whom I spoke to on the phone about 2:00a.m stated the fine was based off the totality of the circumstances. This is obvious that the Norfolk State University, it's agents, Norfolk State University Police Department, as well as Housing and Residential Life of Norfolk State University failed to train their employees, staff, and sworn 4th amendment liable police officers on exigent and emergency circumstances and what it takes to come to that determination. This does not even meet the reasonable level, and any competent officer would have known that they was stepping over the line in this search and seizure.

8) Also, the Norfolk State University smoking policy states "Smoking is prohibited inside the buildings and smoking outside must occur at least 15 feet clear of any building entrance, air intake duct, window, or other pathway or exit where others would be subjected to passive smoke. Smoking outside the buildings and vehicles must be done only in areas where there is an ash container in which to deposit the ashes and other smoking remnants. This policy revision supersedes all other smoking policies. I have attached a copy of the (smoking policy to Exhibit B), which verifies that all Norfolk State University, its agents, and Norfolk State Police Officers

9) All complaints or concerns regarding this policy or disputes regarding its implementation should be referred to the immediate supervisor for resolution. If a resolution cannot be reached, the supervisor will refer the matter to the appropriate department head or vice president for mediation. Norfolk State University, and defendants et al all failed to supervise and train their employees. Tamaria Rhodes, Autumn Jones, and Faith Fitzgerald, and all Defendants et al failed to contact their supervisor, department head, or vice president in coming to a resolution on the complaints made by Merle Rutledge. The smoking policy is a "clearly established" policy that any reasonable person working for Norfolk State University should have been aware of and able to handle its enforcement to University standards.

10) Every action for injury resulting from libel, slander, insulting words or defamation shall be brought within one year after the cause of action accrues. Merle Rutledge meets this time limit, and claim is not time barred. Also additional claims of relief for slander, and libel, against all defendants et. Al. as they NSU police officers, and NSU agents, actively participated in continuing a lie to third parties that was known to be untrue, false, and derogatory.

11) Defendant Officers Lewis and Stevens disregarded or destroyed exculpatory evidence including police reports, notes, illegally seized property of Merle Rutledge and statements that should have been preserved with Norfolk State University police department files, but were not. Rutledge contends that Defendant Officers and Norfolk State University Police Chief deliberately failed to investigate and follow up on information that would have established the guilt of other individuals which was his own police officer's. In so doing, Defendants unlawfully suppressed information that would have implicated other individuals which was his police officer's illegal conduct in regards to this complaint. Moreover, Defendants created sworn police statements to NSU officials such as Norfolk State University vice president of student affairs, and officials from NSU Residential Life and Housing that contained materially false "evidence," including statements attributed to their actions and used these statements to unlawfully seach and seizre Mr. Rutledge property and dorm. The Defendant Police Officers withheld exculpatory and material evidence from Rutledge and in some

instances, from the Norfolk State University officials which include
NSU residential life and housing officials, and the Vice president of
student affairs at Norfolk State University as well. Specifically, Defendants withheld information
about the existence of exculpatory information concerning Rutledge that would have tended to
exonerate

12) 11) Plaintiff and relieve him of any fines or penalties. The incident report was withheld as well
as the pepsi can dispose of or destroyed in a attempt to cover up allege abuses and civil rights
violations of Mr. Rutledge. Also the complaints, and incident reports filed directly by Mr.
Rutledge at the Norfolk State University Police Department has went unfounded or lost as a
result, and after a Virginia Freedom of Information Act request to obtain copies of Mr. Rutledge
complaint filings, the copies have yet to be turned over to Mr. Rutledge or to Norfolk State
University. As a result, Norfolk State University can not properly answer the Freedom of
Information Act request.

12) Norfolk State University, and its agents has a policy that allows them
to go into student's dorm rooms on its campus at anytime. Officer Stevens and Lewis
and John Doe Officer's 3 through 5, believe agents meant their Norfolk State
University sworn police officers as well could enter the room of
students at anytime. Moreoever, Rutledge contends that this policy
and practice was "consciously approved at the highest policy-making
level for decisions involving the Norfolk State University police
department."

Merle Rutledge avers that these widespread abuses occurred because the
Norfolk State University, it's agents, Norfolk State University police department and it's officers
failed to implement sufficient training of its police officers and declined to
implement a legitimate oversight or disciplinary mechanism. Instead,
the Norfolk State University Police  Department's investigative and
disciplinary system was, and is, for all practical purposes,
nonexistent. Merle Rutledge alleges that as a result of the
investigative abuses and improper coercion, manipulation, and physical
abuse by the Defendant Police Officers, he suffered mental anguish and
emotional distress.

13) Specifically, before and after Rutledge fines, each of the
Defendants further conspired to deprive Plaintiff of exculpatory
materials to which he was lawfully entitled and which would have led
to his more timely exoneration. As a result, Rutledge rights were
violated and he suffered financial damages and severe emotional
distress and anguish.

14) Merle Rutledge alleges that Defendants et al. acted to deny him the right of access to a administrative hearing by wrongfully suppressing and destroying information and evidence, which deprived Rutledge of constitutional claims against potential defendants. In addition, Rutledge asserts that Defendants' actions diminished his ability over the past month and accompanying erosion of evidence to prove his claims against those potential defendants.

15) Rutledge contends that during the constitutional violations previously alleged, one or more of the Defendants including Norfolk State University Police Chief and others as-yet unknown, failed to intervene to prevent the abuses and violations of his constitutional rights to which Mr. Rutledge was subjected by the Defendants.

16) Rutledge alleges that Defendants conspired, directly or indirectly, for the purpose of depriving Evans of equal protection of the law in violation of 42 U.S.C. ? 1985(3). Evans' complaint also alleges state law claims, civil conspiracy, intentional infliction of emotional distress, respondeat superior, and indemnification.

17) The defendants alleged misconduct violated clearly established constitutional rights of Merle Rutledge, also Mr. Rutledge alleges "willful and deceitful acts by Defendants et al, which if proven, support the theory that defendant's knowingly violated Plaintiff's constitutional rights." Defendant's et al, should have known that their conduct would violate Plaintiff's constitutional rights, and as such, defendants et al. is not entitled to qualified immunity."

18) The Defendant's et al serious abuse of power leads to the prosecution of innocent defendants. The court holding in Robinson, 895 F.2d at 656, makes clear that when the fabrication of evidence results in a constitutional deprivation, the official's responsibility for that deprivation does not hinge on the exact stage of investigatory or prosecutorial process at which the fabrication occurred.

## COUNT 6
## NORFOLK STATE UNIVERSITY AS DEFENDANT

Plaintiff repeats and realleges and incorporates by reference the allegations in paragraphs in this complaint above with the same force and effect as if herein set forth.

1. By statute the board of visitors [of Norfolk State University] is a corporation operating under the name and style of the Norfolk State University. [Va. Code § 23-114].

2. By statute the board of visitors of Norfolk State Uniersity is charged with the protection and safety of the students attending the university. [Va. Code § 23-122].

3. To carry out its duties, including the duties to keep the students protected and safe, the board of visitors appoints a President and employs such further agents or servants as are necessary to the operation of the university. [Va. Code § 23-126]

4. The board of visitors establishes rules and regulations for the suspension or dismissal of students who fail or refuse to abide by rules and regulations governing the conduct of students.

5. The Plaintiff asserts, as the facts hereinafter set forth support, that Norfolk State Universityfailed to protect and keep its students safe and is directly liable or liable, *respondeat superior,* for

the numerous acts of negligence and gross negligence of its officers, agents and employees, and is further liable for the conduct of a few of its officers, agents, and employees who were deliberately indifferent to the safety needs of its students, as hereinafter set out.

6. In the alternative, Plaintiff asserts, that the Commonwealth of Virginia is liable *respondeat superior*, for the numerous acts of negligence and gross negligence of the officers, agents and employees, of Norfolk State University, and is further liable for the conduct of a few of Norfolk State University officers, agents, and employees who were deliberately indifferent to the safety and contractual needs of its students, as hereinafter set out.

7. Your Plaintiff specifically alleges that Norfolk State University, its officers, agents and employees, owed duties to his decedent to provide a reasonably safe campus for him to pursue his studies, Norfolk State University, its officers, agents and employees breached those duties, and the breach of those duties was a proximate cause of Mr. Rutledge being illegally deprive of property as a result of a illegal search and seizure done by its agents and the Norfolk State University Police Department.

8. Those duties arose out of the special relationship which existed between Norfolk State University and its students. Merle Rutledge, as one of Norfolk State University students, was owed, at a minimum, all of the duties owed a business invitee.

9. Norfolk State University owed Mr. Rutledge and its other students duties greater than those owed a bare business invitee in that he was not an occasional visitor to the university for a casual or infrequent business purpose, but had and enjoyed an ongoing university – student relationship.

10. Mr. Rutledge qualified for admission to the university, had applied for and had been accepted as a student, had paid his tuition, and rented dormitory space to reside on campus. His presence on the campus and his attendance at its classes was not only foreseeable, it was

required if he was to fulfill his joint purpose with the university: the successful pursuit of his education.

11. Merle Rutledge's status as a student in good standing at Norfolk State University who also resided on campus created a special relationship with Norfolk State University, which enhanced Norfolk State University duties to keep him safe and against unreasonable searches and seizures by Norfolk State University Police Officers. .

12. Norfolk State University has not acknowledged to Mr. Rutledge that it had such duties.

13. Your Plaintiff further asserts that in furtherance of its duties to provide his decedent with a reasonably safe campus on which he might pursue, Norfolk State University had a duty to tell or add in its contract that Merle Rutledge and its other students while they were on campus of known or reasonably foreseeable intrusions into his privacy so that he and the other students might exercise caution for their own safety and have contructive and prior knowledge of such possible extended intrusion.

14. As more fully set forth hereafter, NSU breached its duties and failed to adequately trains its agents, and Norfolk State University Police chief failed to train his police officers, of the policies set forth of the known or reasonably foreseeable abuse of power on April 2, 2010.

15. Your Plaintiff further asserts that by rendering an inadequate, incomplete or misleading information, Norfolk State University was incompetent on stating University, and it's agents, meant Norfolk State University sworn law enforcement officers

16. Norfolk State University has indicated its incompetence; in that it is yet to advance any reason, justification or defense why the Norfolk State University Police Department entry of student dorm rooms without probable cause or a warrant on campus during on duty hours was not being followed by law of Virginia.

17. Your Plaintiff further asserts that if Norfolk State University denies it had any duties to warn its agents, officers, and law enforcement officers, he will rely on the Virginia doctrine that one who undertakes to perform services it has no duty to take, must exercise those duties with due care.

18. Norfolk State University was aware or should have been aware of these studies and constitutional violations to Mr. Rutledge, but negligently failed to utilize or react to them.

19. Upon information and belief, as of April, 2010 into the present date, Norfolk State University had no assessment policies, protocols or plans to property train its agents.

20. As a direct and proximate consequence of this failure, which was negligent, Norfolk State University had no formal or informal way of dealing with the information brought to it by Mr. Rutledge or Dr. Reaves, information that to any person familiar with school policy that Merle Rutledge rights had been violated.

21. Should Norfolk State University contend that the procedure in place for identifying police misconduct as well as employee misconduct, was referral of the student to Student Affairs and Chief of Police, such a referral was made in this case and produced no assessment, training, supervision, or discipline at all, let alone a guarantee or attempt that such conduct would not continue on the Norfolk State University campus.

21. Reference is made to the more detailed allegations of the negligence and gross negligence of the Norfolk State University directors, staff, agents and employees in this full complaint, which are incorporated herein by reference.

22. All of these failings by Norfolk State University were negligent, and on occasion grossly negligent, and individually and collectively they constituted a proximate cause of deprivation of Merle T. Rutledge Jr rights to be secure from unreasonable searches and seizures which was proximate cause of any and all injuries.

23. Another failing by Norfolk State University that contributed to the constitutional violations of Mr. Rutledge, was its failure to have a policy, procedure, plan or process in place which would allow a designated office or department within the university to investigate, in the aggregate, complaints of or complaints of unauthorized entry and seizure of Merle Rutledge dorm and.

24. Norfolk State University had no policies, procedures, processes, or protocols in place which would allow the termination of Norfolk State University police officer's that clearly violated Merle Rutledge constitutional rights.

25. In short, Norfolk State University has taken the position that it was powerless to intervene with Norfolk State University Police Officers, either through the exercise of its inherent powers to protect its students and faculty, but they are just as responsible in this complaint for allowing such conduct to continue.

26. In reaching the conclusion that its Norfolk State University and its agent was barred from doing anything to protect Merle T. Rutledge Jr constitutional rights claim other than what it did, if the university contends it relied on legal advice, it relied on erroneous legal advice provided by an officer, agent or employee of the university, legal advice which was deficient upon a plain reading of the Norfolk State University Housing Contract as well as its own policy which was attached as (Exhibit A of NSU Smoking Policy). It does not have this excuse as they even made a policy to clarify it for its agents, faculty, its students, as well as Norfolk State University Police Department

27. If university counsel lacked a working familiarity with N.S.U Smoking Policies(Exhibit B) or whether Norfolk State University Police Officers was agents of the University and not the State of Virginia, Norfolk State University was negligent in not consulting counsel with experience with Federal and State regulations on conducting search and seizure, and how it handle statements and evidence in order to fine students such as Merle Rutledge.

28. If Norfolk State University harbored a good faith belief that Federal and State Law Violations rendered it powerless to protect its students from dangerous University agents, and Norfolk Police Department officers then it was negligent.

29. As a direct and proximate result of the negligence, gross negligence, and reckless disregard of Norfolk State University, Merle Rutledge was fine, emotionally distressed, and he has suffered the following damages for which they are entitled to recover:

a) mental anguish, emotional distress, inconvenience, pain and suffering which may include the loss of comfort, guidance, kindly offices and advice and respect for Norfolk State University;

b) Compensation for reasonably expected loss of (i) income from fines(ii) property b) Expenses for the care and treatment of Mr. Rutledge which was incident to the injury resulting in the University, its agents, and Norfolk State University Law Enforcement Officers;

d) Reasonable administrative expenses.

## COUNT 7
## RESPONDEAT SUPERIOR LIABILITY OF THE COMMONWEALTH OF VIRGINIA

Plaintiff repeats and realleges and incorporates by reference the allegations in paragraphs in this complaint above with the same force and effect as if herein set forth.

30. Plaintiff filed a timely claim against the Commonwealth of Virginia as required by Va. Code 8.01-195.6 on April 25, 2011.

31. In the alternative, Plaintiff asserts, that the Commonwealth of Virginia is liable *respondeat superior*, for the numerous acts of negligence and gross negligence of Norfolk State University and of the officers, agents and employees, of Norfolk State University, and is further liable for the conduct of a few of Norfolk State University, its officers, agents, and employees who were deliberately indifferent to the safety and security needs of its students, as alleged in in this complaint supra.

32. As a direct and proximate result of the negligence, gross negligence, and reckless disregard of the Defendants, Merle Rutledge property was seized, his dorm room was illegal searched by Norfolk State University Police Officers, Norfolk State University, and its agent, and he have suffered the following damages for which they are entitled to recover:

a) Sorrow mental anguish, and solace which may include the loss of constitutional rights, defamation of Merle Rutledge character, kindly offices, mental anguish, pain and suffering, loss and deprivation of property, violations of Fourth and Fourteenth Amendments rights;

b) Compensation for reasonably expected loss of (i) income (ii) services, protection, care and assistance provided by the decedent;

c) Expenses for the care and treatment incident to the

injury resulting in loss of privacy and property;

d) Reasonable court expenses.
WHEREFORE, Plaintiff, pro, as, requests that this Court enter judgment in his favor and against the Defendants, jointly and severally, in the amount of EIGHTY THOUSAND ($80,000.00) compensatory damages, together with all fees, costs of litigation, interest from the date of April 2, 2011, and any further relief that this Court may deem appropriate.

## COUNT 8
## RESPONDEAT SUPERIOR LIABILITY OF NORFOLK STATE UNIVERSITY

33. Plaintiff repeats and realleges and incorporates by reference the allegations in paragraphs in this complaint above with the same force and effect as if herein set forth.

34. Defendants et. Al, is liable respondeat superior for the negligence, gross negligence and deliberate indifference of the Norfolk State University Housing and Residential Life Department and its agents and employees.

35. The university's anticipated defense that it had no control and less responsibility of its agents or Norfolk State University Police Officers, are belied by the abject failure of the officers, agents and employees associated with the Norfolk State University Police Department, Norfolk State University and its agent to meet anything close to the applicable standard of professional duty and care, their failure to render Merle Rutledge privacy, person, and property safe and secure of any kind or form, despite being literally begged to do so by concerned counseling members and Mr. Rutledge, the failure of the officers, agents and employees of the Norfolk State University and it's agents, and Norfolk State University to heed the warnings of those concerned faculty members, and their failure to create even a case file on Mr. Rutledge allegations which might alert them to police misconduct and malicious fines was ignored.

36. Their anticipated defenses fall of their own weight. They contend that:
    a. they couldn't compel police officer's to accept responsibility; yet

    b. once they had the facts in their custody pursuant to incident reports, and Merle

    Rutledge appeal letter and complaint order that the police undergo new training and supervisory practices of search and seizures, as well as clarifying their housing contracts and policy to be consistent with Norfolk State University.  They didn't provide him any administrative hearing or render any response to show any care towards Mr. Rutledge claims, and then they assert that;

    c. had they known their was possible constitutional violations was there under federal law than they would not have allowed Norfolk State University Police officers to enter the Merle Rutledge premises and take items without a warrant or probable cause.,

a position they had successfully been hidden from Norfolk State University with which they have ongoing relationships.

37. As a direct and proximate result of the negligence, gross negligence, and reckless disregard of the Defendants, Merle Rutledge Jr room was illegal searched, his items seized and possibly destroyed, and Mr. Rutledge suffered fines which made it impossible to register for Fall 2011 classes, unless such fines was paid.   The defendants are responsible for causing any and all injuries, claims, and violations to Mr. Rutledge. Mr. Rutledge seeks any and all relief that the court deem necessary.  The issues raised in this complaint has yet to be resolved.

a) mental anguish, pain and suffering, and solace which may include the loss comfort, guidance, kindly offices and the feeling of having credible information be given to Merle Rutledge by the defendants et al.

b) Compensation for reasonably expected loss of (i) income (ii)property, care and assistance;

c) Expenses for the care, treatment incident to the injury resulting in mental anguish;

d) Reasonable administrative expenses.

WHEREFORE, Plaintiff, pro se, requests that this Court enter judgment in his favor and against the Defendants, jointly and severally, in the amount of EIGHTY THOUSAND ($80,000.00) compensatory damages, together with all ' fees, costs of litigation, interest from the date of April 2, 2011, and any further relief that this Court may deem appropriate.

### COUNT 9
**CLAIMS OF NEGLIGENCE, GROSS NEGLIGENCE, DEFAMATION CIVIL CONSPIRACY, DEFAMATION, AND DELIBERATE INDIFFERENCE WITH RESPECT TO DEFENDANTS AUTUMN JONES, FAITH FITZGERALD, TAMARIA JONES, SAMUEL RAY, OFFICER LEWIS, OFFICER STEVENS, REGINA WILLIAMS, MS. OKAFE, DEFENDANTS ET AL.**

1.  If the plaintiff is merely a private person, which Merle Rutledge is, than the plaintiff must usually only show that the defendant acted negligently for a claim of defamation. If the private person wants to recover punitive damages, he or she must show evidence of actual malice.

2.  Norfolk State University Police Officers Lewis and Stevens defamed him by falsely "implying and insinuating that" Rutledge "had been smoking in the room" at the time of the illegal search and seizure on April 2, 2011, and defendants et al. "was accorded preferential treatment and spared any disciplinary action" by Norfolk State University, its agents, and the Norfolk State University Police Department which includes the Police Chief Anthony Walker. Even though their actions was wrong.  A clear cover up in order to not take responsibility for their own actions.

3.  2. Their was no evidence at the time of the search or before the search to make such defamatory and false statements and as a result Rutledge was fined $50 dollars and another

$75 for a lost key, that would later be found with co-defendant Mr. Samuel Ray. This proves that actual damage and harm occured because of their statements and the harm continues because of the malice statement e-mail by Autumn Jones in support of their actions.

4. Ms. Regina Williams at anytime could have stepped in and correct all agents of Norfolk State University, after being sent the same notice of claim from Merle Rutledge. She choose to remain like her other co-defendants silent, irresponsible, and incapable of her ability to train and supervise her agents in regards to NSU Policy.

5. Norfolk State University Police Department and officers are third parties because of being arms of the state and not agents of NSU. Norfolk State University and its agents are clearly a seperate entity from the Norfolk State University Police Department making them third parties.

WHEREFORE, Plaintiff, pro se, as his own representative, requests that this Court enter judgment in his favor and against Defendants, jointly and severally, in the amount of EIGHTY THOUSAND DOLLARS ($80,000.00) compensatory damages, together with aLL fees, costs of litigation, interest from the date of incident of injury claimed in this complaint, and any further relief that this Court may deem appropriate.

## COUNT 10
### CLAIMS OF FOURTH AMENDMENT TO THE U.S. CONSTITUTION – UNCONSTITUTIONAL SEARCH AND SEIZURE CLAIMS OF TO DEFENDANTS WITH RESPECT TO OFFICER LEWIS, OFFICER STEVENS
1. The search and seizure of Plaintiff dorm and personal belongings
by Defendant's agents constituted an unreasonable search and seizure
under the Fourth Amendment to the United States Constitution.
2. The search and seizure of Plaintiff dorm and personal belongings
by Defendant's agents was conducted pursuant to a policy, practice, or
custom that violates the Fourth Amendment to the United States
Constitution.
EIGHT  CLAIM FOR RELIEF:

### 5 U.S.C. §§ 702, 706 – UNLAWFUL EXERCISE OF AGENCY AUTHORITY CLAIMS OF TO DEFENDANTS WITH RESPECT TO OFFICER LEWIS, OFFICER STEVENS
1. The seach and seizure of Plaintiff by Defendant's agents exceeded
Defendant's statutory authority to protect civil aviation by screening
passengers for weapons and explosives.
2. The seach and seizure of Plaintiff by Defendant's agents was

conducted pursuant to a policy, practice, or custom that exceed
Defendant's statutory authority.

Federal Questions

1.  Does University and its agents, include sworn Police Officers of the Norfolk State University Police Department?
2.  Does a student that pays a fixed rate for occupation on the Norfolk State University campus, has a right to terminate lease for breach of contract, for the complaints mention in this complaint?
3.  Did Norfolk State University violate Merle Rutledge Fourth and Fourteenth Amendment rights against unreasonable search and seizure, and deprivation of privileges and property?
4.  Does Merle Rutledge Jr have a right to have his non refundable deposit of $300 refunded back to him?
5.  Norfolk State University is not subject to the Virginia Landlord Tenant Act, and does this give Merle Rutledge the right to seek compensation for damages for breach of contract, constitutional violations, as well as defamation?

Injunctive Relief -    I seek to have it declared unconstitutional to have a (Exhibit C, NSU Housing contract, Page 6 section 14) which states that student shall be responsible for immediate repayment to the University for University costs incurred in repairing and/or cleaning any damages, injury, or defilement to the room, cable equipment and/or the University's property within the room whether caused by the resident, resident's guest or invitees. In addition, if there is a common area damage, injury, or defilement to the residential facility or property for which the University is unable to identify the responsible parties, then the University shall appropriately fine the residents on the wing, floor and/or all residents in the building. This provision is unconstitutional, because it makes students that had no involvement in the acts held responsible as it they commited the act themselves. I seek a injunction on this provision to be omitted out of Fall 2010 – Spring 2012 Norfolk State University semester calendar year.

FOR RELIEF WHEREFORE, Plaintiff respectfully requests that the Court:
a. Declare that the actions of Defendant's agents described in this
Complaint violated Plaintiff's rights under the Fourth Amendment to
the United States Constitution and exceeded Norfolk State University
statutory authority; b. Permanently enjoin Defendant, her officers,
agents, servants, employees, and all persons in active concert or
participation with Norfolk State University personnel who receive
actual notice of the injunction, from authorizing or conducting
suspicionless searches of student's or their belongings for items
other than weapons and explosives; c. Award to Plaintiff his
reasonable administrative fees, costs, and expenses of litigation; and d.

Order such other relief as the Court may deem just and proper. Dated:

May 18, 2011

~~May 17, 2011~~ Respectfully submitted,

Merle Rutledge 45 Pine St. Apt 3
Chatham, Va 24531

Tel:  434-390-1196 and 434-432-3514

Tel: (757) 769-9777

Fax: (757)383-2563

Email – merletrutledge@gmail.com

Exhibit H – Emails between Merle Rutledge and Norfolk State University, its agents, and Norfolk State
University Housing and Residential Life, its agents, supervisors, and staff, as follow

Rutledge, Merle T.

Actions

Sent Items

Friday, April 08, 2011 4:17 PM

To:

Smith, Dawnita R. [drsmith@nsu.edu]

You forwarded this message on 4/9/2011 4:36 PM.

Written Notice of Appeal for Room Key Fine to be waived.

NSU Student Affairs advised me to email you to seek out any and all exhaustions of handling and waiving all fines.  I will follow suit in exercising any and all rights.  I have familiarize myself with all of your codes and handbooks as well.

Thank You

Merle T. Rutledge Jr

Smith, Dawnita R. [drsmith@nsu.edu]

Thursday, April 07, 2011 9:24 PM

Good afternoon Merle,

I am in receipt of your appeal form and complaint for the Smoking in Prohibited Areas and Lost Key fines you were issued on April 2nd and April 4th respectively.  Please note that I have decided to approve your appeal for Smoking in Prohibited Areas. Your letter contained several examples and statements regarding amendments and codes and I would like you to familiarize yourself with your Housing Contract, Community Living Agreement, Housing Handbook, Spartan Student Code of Ethics and Judicial Student Handbook in the same manner. Page 24 of your housing handbook outlines the university's right to entry and inspection. To prevent an incident like this from happening in the future, please do not bring any cigarette butts or cans that contain ashes back into the residence halls after you have finished smoking.

In regard to your appeal for the lost key, this is not a punitive fine, but the actual cost that is incurred to make another copy of the key for your room. Please look for that $20 charge to be placed on your account next week. Your request to be compensated with room and board will not be honored as you

have occupied the space for the semester. If you have any additional questions or concerns, feel free to contact me via email, phone, or you may visit our office.


Sincerely,


*Draven Smith*

Coordinator of Academic & Community Initiatives/

Assistant to the Director

Office of Residence Life & Housing

Norfolk State University

drsmith@nsu.edu

(757) 823-8407

(757) 823-2304 (fax)


Rutledge, Merle T.
Sent Items
Wednesday, April 20, 2011 9:22 PM
Ok, is it a lost key fine meaning replace, or is this a lock out fine.  You all haven't made a key for me, because I have the key in my possession.  Whatever happen at Scott Hall dorm and with those supervisors, are not my responsibility.  It is too many questions that remain in this particular situation based off the appeal letter, that should be reconsider, reviewed, and a open hearing in regards to my concerns and defense.  Its called due process or a administrative hearing.  I request this administrative hearing, but if I have exhausted all options in overturning this appeal.  I ask that you respond in confirmation of such exhaustion of reviews.  I'll rather go up the line in the correct process to dispute my greivance.  Also, I thought the Office of Attorney General in the State of Virginia was reviewing this process at this time and the Virginia Division of Risk Management.


Rhodes, Tamaria L.
Mr. Rutledge, The fine that you received was a $20.00 Lost Key fine. According to our records, you have already submitted an appeal and it was denied. As explained in your appeal response, this is not a punitive fine but the cost to replace the key. Tamaria
℣
4/20/2011

*34*

Draft


Rutledge, Merle T.
I would like to appeal the fine immediately. I would like a hearing in regards to this fine, because the fine has not even been told to me in regards; in this email. It just says a fine been added to my account, but does not state the reason for the fine.
4/20/2011


Rhodes, Tamaria L. [tlrhodes@nsu.edu]
Actions


Tuesday, April 19, 2011 7:05 PM
You replied on 4/20/2011 12:07 AM.
The Office of Residence Life & Housing has applied a fine to your account, which you received this semester.  Please visit the Cashier's Office so that you may clear your account.  Should you have any questions about the charge that has been applied to your account, please contact the Office of Residence Life & Housing or call (757) 823-8407.


*Tamaria Rhodes*
*Administrative Assistant*
*Office of Residence Life & Housing*
*Norfolk State University*
*757-823-8407*


Rutledge, Merle T.
Actions

Sent Items
Wednesday, April 20, 2011 12:05 AM
To:
 Rhodes, Tamaria L. [tlrhodes@nsu.edu]
I would like to appeal the fine immediately.  I would like a hearing in regards to this fine, because the fine has not even been told to me in regards; in this email.  It just says a fine been added to my account, but does not state the reason for the fine.


Lowe, Sharon B. [sblowe@nsu.edu]
Actions

Wednesday, May 04, 2011 7:12 PM
To:
 Rutledge, Merle T.
Cc:
 Fitzgerald, Faith [fmfitzgerald@nsu.edu]; Smith, Dawnita R. [drsmith@nsu.edu]; Boston,
Pamela F. [pfboston@nsu.edu]; Fulgham, Doris M. [dmfulgham@nsu.edu]
You forwarded this message on 5/9/2011 9:42 PM.
Dear Mr. Rutledge:

This is in response to your appeal as a result of the sanction imposed upon you by Residence Life
and Housing due to a lost key.

After much consideration of your request, I have decided to rescind the $20.00 lost key fine.
Please note that Mrs. Sandra Riggs, Bursar has been notified of my decision (see below) and the
fine will be removed from your account.

I wish you the best in your future endeavors.  If I can be of further assistance, please do not
hesitate to contact me.

Best Regards,

Sharon B. Lowe

---

Sharon B. Lowe| Vice President for Student Affairs| Norfolk State University
700 Park Avenue, Norfolk, VA  23504
Phone: (757) 823-8141| Fax: (757) 823-2129


**From:** Smith, Dawnita R.
**Sent:** Tuesday, May 03, 2011 5:35 PM
**To:** Riggs, Sandra N.
**Cc:** Lowe, Sharon B.
**Subject:** Removal of Fine

Mrs. Riggs,

Mrs. Lowe has overturned an appeal for the $20 lost key fine for Merle Rutledge (8672). At your earliest
convenience, please remove the fine from his account.

Thanks,

Dawnita

Dawnita Smith
Coordinator of Academic & Community Initiatives/
Assistant to the Director

Office of Residence Life & Housing
Norfolk State University
drsmith@nsu.edu
(757) 823-8407
(757) 823-2304 (fax)


Rhodes, Tamaria L. [tlrhodes@nsu.edu]
⚐
Actions


Wednesday, April 20, 2011 12:47 PM
To:
 Rutledge, Merle T.
Flag for follow up. Start by Friday, April 22, 2011. Due by Friday, April 22, 2011.
You replied on 4/20/2011 9:25 PM.
Mr. Rutledge,

The fine that you received was a $20.00 Lost Key fine. According to our records, you have already
submitted an appeal and it was denied. As explained in your appeal response, this is not a punitive fine
but the cost to replace the key.

Tamaria Rhodes



Rutledge, Merle T.
Sent Items
Wednesday, April 20, 2011 9:22 PM
Ok, is it a lost key fine meaning replace, or is this a lock out fine.  You all haven't made a key for me,
because I have the key in my possession.  Whatever happen at Scott Hall dorm and with those
supervisors, are not my responsibility.  It is too many questions that remain in this particular situation
based off the appeal letter, that should be reconsider, reviewed, and a open hearing in regards to my
concerns and defense.  Its called due process or a administrative hearing.  I request this administrative
hearing, but if I have exhausted all options in overturning this appeal.  I ask that you respond in
confirmation of such exhaustion of reviews.  I'll rather go up the line in the correct process to dispute my
greivance.  Also, I thought the Office of Attorney General in the State of Virginia was reviewing this
process at this time and the Virginia Division of Risk Management.



Rutledge, Merle T.
Sent Items
Thursday, April 28, 2011 11:44 PM

This fine and all matters with NSU at this time is being handled by the General Counsel of Norfolk State University and the Attorney General Office of Virginia.  If you need their contact information to verify than you can do so or contact yourself.  At this time I'm not allowed to speak with Norfolk State University, or its agents.


cdkennedy@nsu.edu
Actions


Thursday, April 28, 2011 8:06 PM
To:
 Rutledge, Merle T.
You replied on 4/28/2011 11:45 PM.

                                    Norfolk State
University
                                    Office of Student
Accounts
                              700 Park Avenue, HBW
Suite 130
                                    Norfolk VA
23504
                                    Statement of
Account
Email :
m.t.rutledge@spartans.nsu.edu
    Statement Date: 04/28/11
Account Holder
0008672
                Merle T.
Rutledge

            Amount to Pay   20.00

                Merle T. Rutledge
                700 Park Ave Unit 5602
                Norfolk, VA  23504

You have an outstanding balance due to a recent fine imposed by
the Office of Residence Life. The balance must be paid before you
move out of housing this semester. Payment may be made on
SpartanShield or at the Cashiers Office (757) 823-8542. Please
call Residence Life at (757) 823-8407 if you have questions
regarding the fine.


Rutledge, Merle T.
Actions

Sent Items
Monday, May 09, 2011 9:35 PM
To:
 Lowe, Sharon B. [sblowe@nsu.edu]
Hello Ms. Lowe

Thge Office of Student Accounts as well as Financial Aid still has the fine on the account, making it very difficult to register for classes as well as give Dr. Wilson, my advisor in the Political Science Department access to register me for classes.  I have called the office and their hasnt been any changes or anything done to the account.

Thanks for your Help

Merle T Rutledge Jr

0008672


In response to the message from Rutledge, Merle T., Mon 5/9


Lowe, Sharon B. [sblowe@nsu.edu]
Actions

Monday, May 09, 2011 10:07 PM
To:
 Rutledge, Merle T.
Cc:
 Riggs, Sandra N. [snriggs@nsu.edu]; Smith, Dawnita R. [drsmith@nsu.edu]
Hi Merle,

Thank you for bring this to my attention.  I am sorry the fine has not been removed; however, I assure you that it will be removed ASAP.  My guess is that Student Accounts was inundated with "graduation issues" like most other departments within HBW (including this one).  I will contact you tomorrow morning to inform you of the status of this matter.

Take care,

Sharon B. Lowe


In response to the message from Rutledge, Merle T., Mon 5/9




Riggs, Sandra N. [snriggs@nsu.edu]                                                          .

❢

Actions



Monday, May 09, 2011 10:19 PM

To:

 Rutledge, Merle T.

Cc:

 Smith, Dawnita R. [drsmith@nsu.edu]; Boston, Pamela F. [pfboston@nsu.edu]; Fitzgerald, Faith [fmfitzgerald@nsu.edu]; Lowe, Sharon B. [sblowe@nsu.edu]

This message was sent with High importance.

You forwarded this message on 5/10/2011 5:31 PM.

Mr. Rutledge,

The $20.00 fine has been removed from your student account.  Please feel free to contact me if you have any further questions.

Thank you,


**Sandra N. Riggs**

University Bursar

Norfolk State University

700 Park Avenue - Suite 130

Norfolk, VA 23504

(757)-823-2951  Phone

(757)-823-8667  Fax

snriggs@nsu.edu



# MERLE RUTLEDGE

<merletrutledge@gmail.com> Sun, May 1, 2011 at 4:00 AM To: president <president@nsu.edu>

Reply | Reply to all | Forward | Print | Delete | Show original

This is also a Virginia Freedom of Information Act Request


Emails to Regina Willaims, Ms. Fulgham, Ms. Faith Fitzgerald, and Ms. White
---------- Forwarded message ----------
From: MERLE RUTLEDGE <merletrutledge@gmail.com>
Date: Fri, 8 Apr 2011 11:12:13 -0700
Subject: My respone to her email
To: rvwilliams@nsu.edu, rbwhite <rbwhite@nsu.edu>, dmfulgham
<dmfulgham@nsu.edu>, fmfitzgerald@nsu.edu


This complaint is in regards to Norfolk State University Police, and

Employees of Norfolk State to include the email that I sent out. This email response from appeal was completely unprofessional and shows a lack of training, supervising, and discipline of its employees and staff. The Housing Director that sent me this email states I should be aware of multiple policies of Norfolk State University. It is obvious that im aware and do not need to have my intelligence question; when it is Norfolk State University very own policy that says I was right and did not do anything at all wrong. Actually Norfolk State University policy which is filed with this complaint actually encourages it. So which policy has more power. Under the Housing interpretation is that NSU policy has no relevance in their decision, and that their policies overrides "clearly established" NSU policy. It also shows a willingness to deny me having my own personal items without due process or without any violation while allowing others to go on and follow the Norfolk State University policy with free will and without privilege being revoke. NSU Housing, Staff, and Police clearly stepped over the line, and this emails shows the ability to refuse to accept responsibility, but wants me to accept responsibility over nothing wrong. I would like a hearing on this matter; and to address all that accuse me and also withheld information. I have tried on numerous occassions this week to set up meetings with the Chief of NSU Police, as well as get the names of all those involved in my complaint. I have been denied. I would like to include a Virginia Freedom of Information Act request alongside this email as well. I want all names involved in the incident on April 2, 2011 from police officers to housing staff. I want the registered agent for Norfolk State University. The RA's and Police department should be taught, trained, and respect the NSU Policy that is on hand as well as questionable civil rights violations, and defamation of my character by issuing statements to third parties that is none to be untrue by stating Merle Rutledge was smoking in a room, but has offered no facts or even witness such activity. Also trying to conceal the fact of a search and also police are arms of the state and not just Norfolk State University and is subject to the Fourth Amendment of the United States Constitution which in their sworn duty can not override for any university policy, and such policy is unconstitutional and goes against public policy so that is why I state breach of contract as well. I want the business name of Norfolk State University. I want the 2 RA's of Norfolk State Housing Department names. I want a incident report and any and all statements made by NSU Police and RA's. Any and all immediate supervisors responsible for the training of RA's of Scott Hall, NSU

Housing Department, NSU Police Department. I want any and all manuals
that Norfolk State University has for policy, rules, and regulations.
I would also request a meeting with Faith Fitzgerald in regards to my
appeal of the room key deposit, and hopefully a explanation on why my
appeal was approved in such a negative fashion.

Thank You for your Time


Merle T. Rutledge Jr
700 Park Ave Unit 5602
Norfolk, Va  23504
7577699777
merletrutledge@gmail.com
m.t.rutledge@spartans.nsu.edu


# MERLE RUTLEDGE

<merletrutledge@gmail.com> Mon, Apr 25, 2011 at 12:35 AM To: president@nsu.edu

Reply | Reply to all | Forward | Print | Delete | Show original

On April 2, 2011, My name is Merle T. Rutledge Jr, 2 Police officers
from the Norfolk State police department, and 2 residential assistants
from Scott Hall Dormitory did a search and removed items out my room,
and than gave me a fine.  My room number at Scott Hall Dormitory is
318. I would like the 2 police officer's names and badge numbers. I
would like the two Residential Assistants names and job titles. I
would like the survelliance tape of April 2, 2011 that is located at
the Norfolk State University Police Department showing all images
going in and out of Scott hall Dormitory from April 2, 2011 at
7:00p.m. to April 3, 2011 at 6:00a.m. I would like all incident
reports, fine documentation, police report, and any warrants for
property or search given to Merle Rutledge Jr. I seek the the 911 or
Norfolk State University phone call on audio tape or through email of
the phone call made by the Residential Assistants to the Norfolk State
University Police Department. I would like any and all calls made in
regards to this incident sent to Merle Rutledge Jr. I would like a
account summary from my account for any and all payments made to
Norfolk State University for the Spring 2011 from room, board, and
tuition. I thank you for taking the time to honor my request.  The

previous email is actually a letter in complaint against employees of
Norfolk State University, as well as the Norfolk State Police
Department, it's officer, and it's supervisors.


Merle T. Rutledge Jr
700 Park Ave  Unit 5602
Norfolk, Va  23504
merletrutledge@gmail.com


Exhibit 1 -  The original appeal letter filed on April 4, 2011, with Norfolk State University after the April 2,
2011 incident that was submitted to Norfolk State University Police Department as a Appeal and
Complaint, NSU Residential Housing and Life to Autumn Jones, NSU Risk Management Department,
President of Norfolk State University, and with Norfolk State University Office of Student Affairs.